Dear Mr. Wall:
We are in receipt of your request for an Attorney General's opinion regarding St. Tammany Parish Fire Protection District No. 12.
Your letter states:
 Since Covington Point sub-division is part of the City of Covington, the sub-division would be subject to dual property tax assessment by the city and the fire district. However, during the 1st Extraordinary Session of the Louisiana Legislature in the spring of 2000, Representative Diane Winston introduced House Bill 194 relative to fire protection districts in St. Tammany Parish. The legislation was to enact La. Revised Statutes 40:1501.5 to prohibit the levy and collection of ad valorem taxes by such districts in areas which have been annexed by municipalities. This bill passed both houses of the legislature, was enrolled, and signed by the Governor to become Act 102.
Thus, your question is, "What is the result of Act 102 with regards to voting by residents of Covington Point sub-division in Fire Protection District 12 of St. Tammany Parish?"
Louisiana Acts 2000, No. 102 enacted R.S. 40:1501.5, which provides as follows:
 A. (1) Notwithstanding the provisions of R.S. 40:1501 or any other provision of law which authorizes fire protection districts to levy ad valorem taxes, no fire protection district in St. Tammany Parish shall levy or collect ad valorem taxes, except as provided in paragraph (2) of this subsection, in any area which has been annexed into a municipality, unless a contract between the municipality and the fire protection district is executed pursuant to R.S. 33:221 granting the fire protection district the exclusive right to serve the annexed area.
 (2) The fire protection district shall continue to levy and collect any ad valorem taxes or portion thereof, the avails of which are pledged as security for bonded indebtedness. The authority of the district to levy and collect taxes pursuant to this Paragraph shall expire at the time and for the year in which the indebtedness is paid off.
 B. If at any time an area in which a fire protection district has been authorized to levy and collect ad valorem taxes is annexed and such area meets the criteria set forth in Paragraph (A)(1) of this Section, the authority of the district to levy and collect such taxes on the area, except any taxes collected pursuant to Paragraph (A)(2) of this Section, shall expire at the time and for the year in which the annexation ordinance becomes effective.
 C. The provisions of this Section shall only apply to that subdivision known as Covington Point and including all property annexed into the City of Covington by Ordinance No. 84-30 duly proposed and adopted on June 5, 1984.
In response to your question, it is our opinion that the result of Act 102 of the 2000 Regular Session is to prohibit Fire Protection District 12 from further taxing the residents of Covington Point subdivision. It is our understanding that ten mills are presently pledged to secure a certificate of indebtedness that will mature in 2007, at which time the debt will be eliminated as to the residents of Covington Point due to Act 102. However, it is our opinion that since the effective date of Act 102, the voters in Covington Point subdivision are no longer allowed to vote on a tax issue for Fire Protection District 12, as such matter can not affect them, but that they are bound by the ten mill indebtedness until 2007.
If our office can be of further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ____________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb